**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Stephen and Debra Heger,** **Civil No. 00-733 ADM/SRN**

**Plaintiffs,**

v.

**ORDER**

**Michael L. Martinez,**

**Defendant.**

---

Cameron M. Parkhurst, Esq., on behalf of Plaintiffs.

Robert E. Salmon, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 21, 2001, on Plaintiffs' Motion to Amend Complaint to Allege Punitive Damages (Doc. No. 21).

This Order addresses that motion.

## I. PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ALLEGE PUNITIVE DAMAGES.

The Court grants Plaintiffs' Motion to Amend the Complaint to Allege Punitive Damages. Plaintiffs have complied with the specific statutory pleading requirements, and carried their evidentiary burden.

### A. Factual Background

On October 1, 1991, while Stephen Heger was riding his motorcycle, he was badly injured in a collision with an automobile in front of him. See Exhibit A, Stephen Heger Depo.

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Vol. I at 64-71. At that time, the automobile was being driven by a pizza-delivery driver working for Domino's Pizza. See Exhibit B, Winkler Depo. at 12. While Mr. Heger was attempting to pass this car on the right, the driver turned in the same direction and the vehicles collided. See Exhibit C, Lockridge Depo. at 14-16. Mr. Heger was taken by ambulance to a hospital, and surgery was performed a week later to repair his shattered nose. See Exhibit I, Operative Report. In addition, Mr. Heger suffered significant long-term physical and psychological effects from the accident.

An investigating police officer compiled a report and interviewed at least two eyewitnesses to the accident. The officer concluded in his report, that the automobile driver had caused the accident by turning right into the lane that was occupied by Mr. Heger. See Exhibit F, Traffic Accident Report. Shortly thereafter, the automobile driver's insurance company, American Family Insurance Group, interviewed the same two witnesses.

At some point between October 1 and October 28, 1991, Mr. Heger retained Defendant to represent him regarding his injuries from the collision. See Exhibit L, Martinez Depo. at 34-35. Defendant shortly thereafter received a letter from American Family Insurance notifying him that liability was disputed in this matter, and that it would be necessary to bring a lawsuit in order to pursue the claim. See Exhibit M, November 4, 1991 letter from Mitch Swenson to Martinez. On October 28, 1991, Defendant requested a copy of the Traffic Accident Report. See Exhibit N, letter from Martinez to Minneapolis Police Department. This report documented the existence of the two previously mentioned eyewitnesses. See Exhibit L, Martinez Depo. at 46. Defendant also learned from his legal assistant's initial investigation, that these two witnesses had been interviewed by American Family Insurance. See id. at 56 and 171. Defendant, however, never

contacted these witnesses. Id. at 55-57. Further, he did not investigate the area surrounding the scene of the collision to determine if there were additional witnesses. Id. at 48.

Defendant prepared a Summons and Complaint, which were served in February of 1992. See Exhibit O, Summons and Complaint, dated 2/10/92; Exhibit P, Summons and Complaint, dated 2/12/92. The lawsuit was not filed in Hennepin County District Court, however, until April 21, 1998. See Exhibit Q, Notice of Judicial Officer Assignment. Defendant alleged three causes of action in the Complaint: (1) a claim of negligence against the other vehicle's driver and against its owner, (2) a claim of negligent training and supervision against Domino's Pizza, and (3) a claim against Domino's Pizza for negligence "in failing to adequately and properly create and implement proper safety and other operational conduct for the Domino's Pizza store employees . . . ." Each count included a claim for loss of consortium on behalf of Debra Heger. See Exhibits O and P, Summons and Complaints.

During the interim seven and one half years while Defendant was representing Plaintiffs, Defendant conducted no discovery. On September 10, 1999, approximately three weeks before trial, Defendant withdrew as counsel in the case. See Exhibit T, Notice of Withdrawal of Attorney for Plaintiffs. Because Plaintiffs were unable to retain new counsel and proceed with their case, they appeared in court on October 4, 1999 to dismiss the lawsuit. During this dismissal hearing, the Court warned Plaintiffs that due to the elapsed time, it was extraordinarily unlikely they would be able to bring the case again in the future. Plaintiffs responded that they were aware of this fact, but they had no alternative. See Exhibit U, transcript of October 4, 1999 hearing.

**B. Pleading Requirements**

"In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the Laws of the State of Minnesota, must generally conform to the requisites of Minnesota Statutes Sections 549.191 and 549.20." Ulrich v. City of Crosby, 848 F. Supp. 861, 866 (D. Minn. 1994) (Erickson, M.J.); Zeelan Industries, Inc. v. de Zeeuw, 706 F. Supp. 702, 705 (D. Minn. 1989) (MacLaughlin, J.); Kuehn v. Shelcore, Inc., 686 F. Supp. 233, 235 (D. Minn. 1988) (Devitt, J.); Fournier v. Marigold Foods, Inc., 678 F. Supp. 1420, 1422 (D. Minn. 1988).

"As recognized by our Court, the Minnesota Legislature adopted, in 1986, the pleading requirements of Section 549.191 in order to deter certain practices in the presentment of punitive damage claims which were thought to be abusive, and in order to deter a perceived insurance crisis." Ulrich, 848 F.Supp. at 866-67. In all instances in which Minn. Stat. § 549.191 applies, a plaintiff may not assert a punitive damage claim in the complaint in the first instance, but rather must seek leave of court to amend the pleading pursuant to that section.

Under Minn. Stat. § 549.191, a motion for leave to amend a complaint to add a claim for punitive damages must set forth prima facie evidence in support of the motion, must allege the "applicable legal basis under section 549.20 or other law for awarding punitive damages in the action," and must be supported by one or more affidavits showing the factual basis for the claim. The "applicable legal basis" reads as follows:

> Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

Minn. Stat. § 549.20, subd. 1(a).

Thus, at the amendment stage, the supporting affidavits provided by the plaintiff must present a prima facie showing of clear and convincing evidence that the acts of the defendant exhibit a deliberate disregard for the rights or safety of others. Olson v. Snap Products, Inc., 29 F.Supp.2d 1027, 1037 (D.Minn. 1998) citing Swanlund v. Shimano Ind. Corp., Ltd., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990). Prima facie evidence is "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." Black's Law Dictionary 579 (7th ed. 1999); McKenzie v. Northern States Power Co., 440 N.W.2d 183, 184 (Minn. Ct. App. 1989) ("prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor"); Swanlund, 459 N.W.2d at 154. Under the prima facie standard, "the Court makes no credibility rulings, nor does the Court consider any challenge, by cross-examination or otherwise, to the Plaintiff's proof." Ulrich, 848 F. Supp. at 867. Further, the motion should be thoroughly examined, "without considering evidence submitted in opposition." Northwest Airlines, Inc. v. American Airlines, Inc., 870 F.Supp. 1499, 1503 (D. Minn. 1994) citing Swanlund 459 N.W.2d at 154.

> Minn. Stat. § 549.20, subd. 1(b) states that:
>
> A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
>
> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

"Where the evidence is sufficient to permit the Jury to conclude that it is 'highly

probable' that the defendant acted with deliberate disregard to the rights or safety of others, the 'clear and convincing' standard would be satisfied." Ulrich, 848 F.Supp. at 868.

When a plaintiff moves to add a punitive damage claim, the Court is essentially required "to direct a portion of the verdict against the plaintiff if the evidence of [deliberate disregard] is insufficient." Swanlund, 459 N.W.2d at 155. Thus, as in ruling on a motion for directed verdict,[1] the Court must view the evidence most favorably to the party against whom the motion is made, and give that party the benefit of all reasonable inferences from the evidence. See Abbett v. County of St. Louis, 474 N.W.2d 431, 433 (Minn. Ct. App. 1991).

### C. Discussion

Plaintiffs argue that Defendant acted with deliberate disregard for their rights by failing to conduct any investigation and discovery over seven years time. Specifically, they state that, over seven years time, Defendant: (1) conducted no investigation of the collision, (2) conducted no discovery of any kind, written or oral, (3) never pursued the separate claims alleged against Domino's Pizza, and (4) having failed to prepare for trial, then abandoned them, by withdrawing only weeks before the trial date.

To illustrate their claim that Defendant acted with deliberate disregard for their rights, Plaintiffs cite the following section from the memorandum of law brought by Domino's Pizza in opposition to Defendant's motion for a continuance.

> In the seven years, three months that this case has been pending, Plaintiffs have served not a single interrogatory, have noticed no depositions, have failed to supplement their discovery responses and have failed to serve and file the most basic submissions called

---

[1] Now denominated in the Federal Rules of Civil Procedure as a motion for the entry of judgment as a matter of law. See Fed. R. Civ. P. 50(a).

> for by the General Rules of Practice and the Court's Scheduling order.

See Exhibit R, Defendant Domino's Pizza, Inc.'s Opposition to Plaintiff's Motion to Continue. When Defendant was unable to delay the trial date any further, Plaintiffs argue, he chose to withdraw because he was unprepared to actually litigate their claims. Finally, Plaintiffs contend that by withdrawing at such a late date, Defendant left them unable to secure representation in time for trial.

At this stage of the pleading, the Court is required to examine only the evidence presented by Plaintiffs, and not to consider evidence submitted in opposition. See Northwest Airlines, 870 F.Supp. at 1502-3. Nevertheless, the Court acknowledges that Defendant has made the legal argument that Plaintiffs are not entitled to add a punitive damage claim unless the evidence demonstrates that Defendant acted with actual malice.

The Court finds that Plaintiffs have complied with the pleading requirements of Minn. Stat. § 549.191. They have correctly sought leave of the Court to amend the complaint and add a punitive damages claim, rather than alleging it in the first instance. Further, the Court finds that Plaintiffs have made a prima facie case of clear and convincing evidence that Defendant acted with deliberate disregard for Plaintiffs' rights. Despite Defendant's claim that actual malice is required, neither the explicit statutory language nor the corresponding case law require this high a standard. As a result, the Court grants Plaintiffs' motion to add a claim for punitive damages.

Defendant's behavior fits well within at least one of the two statutory definitions of acting with deliberate disregard for others. Minn. Stat. § 549.20, subd. 1(b) states that:

> A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards

> facts that create a high probability of injury to the rights or safety of others and:
>
> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
>
> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others

In this case, Defendant acted with, at a minimum, sheer indifference toward the high probability of injury to his clients. Defendant never developed his clients' case during the years he was representing them, and then abandoned his clients on the eve of trial. As an experienced attorney, Defendant was aware at the time he withdrew that it would be unlikely for his clients to be able to secure effective representation in time to try their case. This was true both because of the late date at which he withdrew, and because, given that Defendant had done virtually no work developing the case, any attorney who attempted to take Plaintiffs' case at that point would have had to begin almost from scratch. Hence, Defendant was aware that his actions created a high probability of injury to his clients' rights, but he committed them nonetheless. As a result, the Court concludes that Defendant deliberately proceeded to act with at least indifference to the high probability of injury to Plaintiffs' rights. Therefore, adding a claim for punitive damages is appropriate.

Moreover, Defendant's behavior can be analogized to defendants in other punitive damages cases who acted with indifference toward known risks to others. See e.g. Olson v. Snap Products, 29 F. Supp.2d at 1039 (concluding that a tire manufacturer acted with deliberate disregard for the rights and safety of others, when it continued to market tires as non-explosive despite clear evidence from testing that this was not the case). In Olson, the Court explained,

"Defendants did not merely fail to act, but they continued to market a product which was mislabeled so as to mislead the public into believing that no explosive hazard was presented." Id.

As in Olson, the present defendant behaved in a manner that endangered his clients' rights. As explained above, Plaintiffs relied entirely upon Defendant for representation. Despite his knowledge of that reliance, Defendant did virtually nothing to protect his clients rights throughout his years of representation. More precisely, Defendant put his client's rights at continually greater risk by not pursuing their claims at any time during his representation. When Defendant withdrew so close to the trial date, he, in effect, forfeited his clients' case and any remaining rights they had. Consequently, the Court concludes that Defendant acted with deliberate disregard for Plaintiffs' rights, and Plaintiffs are entitled to amend the Complaint to include a claim for punitive damages.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Amend the Complaint to Allege Punitive Damages (Doc. No. 21) is **GRANTED**:

Dated: September 14, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500